UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KELLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. ED CV 08-228 PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income benefits ("SSI"). Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, the decision is affirmed.

    On June 16, 2005, Plaintiff applied for SSI. (Administrative Record ("AR") 57-59.) The Agency denied the application initially and on reconsideration. (AR 33-37, 41-45.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 46.) On February 23, 2007, Plaintiff appeared with counsel at the hearing and testified. (AR 307-39.) On March 30, 2007, the ALJ

issued a decision denying benefits. (AR 7-19.) After the Appeals Council denied Plaintiff's request for review, (AR 3-5), he commenced this action.

Plaintiff claims that the ALJ erred by: 1) misrepresenting the state agency physician's findings; 2) failing to develop the record with respect to his social worker's report; 3) failing to pose a complete hypothetical question to the vocational expert; and 4) failing to properly consider the severity of his mental impairment. (Joint Stip. at 3-6, 8-9, 11-12, 13-15.) For the following reasons, the Court concludes that there was no error.

In his first claim of error, Plaintiff contends that the ALJ misrepresented the opinion of Dr. Lizarraras, a state agency reviewing physician, who indicated on a check-the-box form that Plaintiff could stand and/or walk for a total of at least two hours in an eight-hour workday. (Joint Stip. at 3-6.) Plaintiff argues that the ALJ's ultimate determination that Plaintiff could stand and walk for up to four hours in an eight-hour workday--which was purportedly based, in part, on Dr. Lizarraras' findings--amounted to a "blatant misrepresentation" of those findings. (Joint Stip. at 4.) This claim is not supported by the record.

On September 14, 2005, Dr. Lizarraras checked a box on page two of a residual functional capacity assessment form, indicating that Plaintiff could stand or walk (with normal breaks) for a total of "at least 2 hours in an 8-hour workday." (AR 241.) The other options on the form were "less than 2 hours in an 8-hour workday" and "about 6 hours in an 8-hour workday." (AR 241.) On page seven of the same form, Dr. Lizarraras wrote, "the examining Physician opined that [Plaintiff] can stand and walk without an assistive device up to four

1  hours.  Additionally, [Plaintiff] can lift/carry 20/10.  This opinion
2  is consistent with the [medical evidence of record] and given great
3  weight."  (AR 246.)  In other words, Dr. Lizarraras endorsed the
4  opinion of state consultative examiner Dr. Lilian Cheng, who
5  determined after a physical examination of Plaintiff on September 6,
6  2005 that he could stand and walk "up to four hours of an eight-hour
7  day."  (AR 221.)  Dr. Lizarraras' assessment was endorsed in turn on
8  October 18, 2005 by state agency reviewer Dr. Kalmar, who also noted
9  Dr. Cheng's opinion that Plaintiff could stand and walk up to four
10 hours in an eight-hour day.  (AR 248.)

   In his decision, the ALJ gave "greatest weight" to Dr. Cheng's
opinion and noted that Dr. Lizarraras' conclusions were consistent
with it.  (AR 16.)  In doing so, the ALJ did not misrepresent Dr.
Lizarraras' findings.  Dr. Lizarraras' indication on the check-the-box
form that Plaintiff could stand or walk for "at least" two hours in an
eight-hour workday was not inconsistent with Dr. Cheng's determination
that he could stand and walk "up to four hours," especially in view of
Dr. Lizarraras' endorsement of Dr. Cheng's opinion in the very same
form, and in the absence of a box on the form to indicate that
Plaintiff could stand/walk up to four hours.  As such, this claim does
not merit remand.[1]

---

[1] Even if there was any merit to Plaintiff's argument that the ALJ misstated Dr. Lizarraras' findings, Plaintiff has not shown that the ALJ's residual functional capacity finding was wrong.  The ALJ was entitled to rely on the examining physician's independent determination that Plaintiff could stand and walk up to four hours.  *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (examining physician's opinion based on independent clinical findings constitutes substantial evidence, even if it conflicts with treating opinion).

1    In his second claim of error, Plaintiff contends that the ALJ
2 improperly discounted the opinion of his therapist, social worker
3 Jennifer Dominguez, based on unfair assumptions.  (Joint Stip. at 8-
4 9.)  Plaintiff contends further that, if there was any ambiguity about
5 this opinion, the ALJ had a duty to clarify it.  (Joint Stip. at 8-9.)
6 This claim is rejected.

7    After purportedly seeing Plaintiff for about one month,
8 Plaintiff's therapist filled out a Function Report on June 28, 2005.
9 (AR 76-84.)  In it, she parroted Plaintiff's account of his daily
10 activities and limitations.  For example, she noted that his chest
11 pain interrupts his sleep and that he "sometimes depends on
12 encouragement from parents to bathe and drive."  (AR 77.)  Though most
13 of the report refers to Plaintiff in the third person (i.e. "Client
14 reports no income."  (AR 79)), on page seven of the report in response
15 to the question, "List the places he/she goes on a regular basis," the
16 author stated, "I attend church Sundays & Wednesdays with family."
17 (AR 80.)  And, on that same page, in response to the question,
18 "[D]escribe the kinds of things he/she does with others," the author
19 wrote, "reading and talking with my parents."  (AR 80.)

20    The ALJ found that the report did not warrant much weight.  (AR
21 16.)  He noted that the social worker had known Plaintiff for only one
22 month at the time she completed the report, leading the ALJ to assume
23 that her information was nothing more than a recitation of Plaintiff's
24 complaints.  (AR 16.)  Furthermore, the ALJ noted that the author
25 referred to Plaintiff using the first person and that "the handwriting
26 is curiously similar to that known to be completed by" Plaintiff.  (AR
27 16.)
28

A social worker's opinion is deemed "other source" evidence under the regulations. 20 C.F.R. § 416.913(d); *see also Thomas v. Astrue*, 2009 WL 151488, at *3 (C.D. Cal. Jan. 21, 2009) ("[T]he reports of licensed clinical social workers are considered 'other sources of evidence, not evidence from an 'acceptable medical source.'"). Consequently, an ALJ is not required to grant the same deference to a social worker's opinion that he grants to a doctor's opinion. Social Security Ruling ("SSR") 06-03p (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). In assessing a social worker's opinion, the ALJ considers "the nature and extent of the relationship" between the claimant and the social worker; the degree to which the social worker presents relevant evidence to support her opinion; and "[a]ny other factors that tend to support or refute the opinion." SSR 06-03p. The ALJ is required to explain the weight given to the opinion in sufficient detail so that the Agency's reviewers and the claimant can follow the ALJ's reasoning. SSR 06-03p.

The ALJ fulfilled those obligations here. He read and considered the social worker's opinion. (AR 16.) He noted that she had treated Plaintiff for only one month when she rendered her opinion. (AR 16.) He assumed that the social worker was merely parroting Plaintiff's complaints in the report. (AR 16.) He pointed out some irregularities in the report and questioned whether it had been filled out by Plaintiff or the social worker. (AR 16.) An ALJ is empowered to draw reasonable inferences from the evidence, *see Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (explaining ALJ entitled to draw reasonable inferences from the record), and the inferences the ALJ drew here were reasonable. As such, Plaintiff's objections are overruled.

1    Further, even assuming that there were no indications that the
2 report was suspect, the ALJ still did not err in discounting it.  It
3 is clear from reading the report that it is merely a recounting of
4 Plaintiff's subjective complaints about what was wrong with him during
5 the brief period he saw the social worker.  There is no evidence that
6 there was any objective testing performed by her.  Thus, the report
7 was based solely on the subjective complaints of a patient who was not
8 to be believed.  As such, it was entitled to little or no weight.

9    Finally, because the ALJ provided sufficient reasons to support
10 his rejection of the social worker's report, *see Thomas*, 2009 WL
11 151488 at *5 (holding that ALJ's consideration of social worker's
12 mental evaluation was adequate where ALJ considered SSR 06-03p factors
13 and the evaluation lacked objective support or explanation), and in
14 the absence of any ambiguity in the record, Plaintiff's contention
15 that the ALJ was obliged to inquire further is rejected.  *Tonapetyan*
16 *v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (noting that it is
17 "[a]mbiguous evidence, or the ALJ's own finding that the record is
18 inadequate . . . [that] triggers the ALJ's duty to 'conduct an
19 appropriate inquiry.'").  To the extent that the report could be
20 considered "lay witness testimony," the reasons the ALJ gave for
21 rejecting that testimony, as described above, were germane to the
22 testimony and, thus, sufficient to discount it.  *See Crane v. Shalala*,
23 76 F.3d 251, 254 (9th Cir. 1996).

24    In his third claim of error, Plaintiff contends that the ALJ
25 erred by failing to incorporate Dr. Lizarraras' opinion that Plaintiff
26 could stand or walk for a total of at least two hours in an eight-hour
27 workday in the hypothetical question to the vocational expert.  (Joint
28 Stip. at 11-12.)  This claim is rejected.

6

1    As discussed above, the ALJ's determination that Plaintiff could
2 stand and walk for up to four hours in an eight-hour day was
3 consistent with Dr. Lizarraras' opinion and the other medical
4 opinions.  Accordingly, the ALJ was not required to include a
5 different walk/stand limitation in his hypothetical question.  *See*,
6 *e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 959-60 (9th Cir. 2002)
7 (holding that ALJ need not include complaints unsupported by objective
8 evidence in hypothetical question).

9    In his fourth claim of error, Plaintiff contends that the ALJ did
10 not properly consider the severity of his mental impairments.  (Joint
11 Stip. at 13-15.)  Plaintiff points out that the ALJ found: "While I
12 acknowledge [Plaintiff] might have some antisocial personality traits,
13 the evidence does not indicate [Plaintiff] has, nor had[,] a medically
14 determinable problem."  (Joint Stip. at 14.)  He complains that the
15 ALJ never specified what these antisocial personality traits were and
16 how they might impact his ability to work.  (Joint Stip. at 14.)  This
17 claim is also without merit.

18    In determining that Plaintiff's alleged mental impairment was not
19 severe, the ALJ noted that, "as early as January 2000, his reported
20 symptoms of depression were questioned as possible malingering."  (AR
21 13.)  The ALJ also pointed to a California Department of Corrections
22 mental health examination in January 2005, during which Plaintiff
23 denied having any mental problems.  (AR 13.)  The ALJ further relied
24 on the opinion of consulting psychiatrist Linda Smith, who examined
25 Plaintiff in May 2005 and noted repeatedly that Plaintiff was not
26 credible and that there was no evidence of any psychoses or affective
27 disorder.  He also considered a state agency reviewing psychiatrist's
28 opinion that Plaintiff had only mild difficulties in maintaining

social functioning and no restrictions in any other functional area. (AR 13.) Finally, the ALJ considered and rejected Plaintiff's testimony regarding his alleged auditory hallucinations, finding that his credibility was questionable and his testimony unpersuasive.[2] (AR 13-14, 16.)

At step two, the ALJ is tasked with identifying a claimant's "severe" impairments. An impairment is severe if it has more than a minimal effect on an individual's ability to do basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 416.921(a). The ALJ's determination that Plaintiff did not have a severe mental impairment is supported by substantial evidence in the record.

Here, no physician found that Plaintiff would have anything more than mild restrictions on activities of daily living as a result of his alleged mental impairment. Examining psychiatrist Smith noted that Plaintiff adjusted his answers according to her statements, was at times vague and evasive, was manipulative, and was only superficially cooperative. She also found that "[h]e did not appear at all genuine and truthful. Nothing about his claims was credible. There was substantial evidence of exaggeration and manipulation during the interview." (AR 209, 211, 212.) Dr. Smith found "no evidence whatsoever of a thought disorder or psychosis. [Plaintiff] is relevant and non-delusional." (AR 212.) Though she noted that he "may have antisocial personality traits," she concluded that he was not impaired in his ability to work and had no functional limitations

---

[2] Plaintiff has not challenged the ALJ's credibility findings in this action.

from his alleged mental impairment. (AR 214-15.) Reviewing state agency psychiatrist Amado similarly found that Plaintiff's mental impairment was not severe, noting only that he would have "mild" difficulties in maintaining social functioning. (AR 226, 236.)

Plaintiff does not argue that these medical opinions are unfounded. Rather, he focuses on the ALJ's statement, prefacing his summary of the medical evidence, that Plaintiff "might have some antisocial personality traits." (AR 13.) Plaintiff has simply not shown how this statement by itself undermines the ALJ's step-two findings. In any case, the statement is supported by the record. As noted above, Dr. Smith made the same statement in her report, even though she concluded that Plaintiff had no functional limitations and would not be impaired in his ability to work. (AR 214.) Because Plaintiff has failed to show that the ALJ's step-two conclusion was erroneous, this claim is rejected.

For all of the above reasons, the Agency's decision is affirmed.

IT IS SO ORDERED.

DATED: June  30 , 2009.

  
PATRICK J. WALSH  
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\KELLUM, G 228\Memo_Opinion.wpd